COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| ALEX HERNANDEZ, | § | No. 08-16-00218-CV |
| APPELLANT, | § | Appeal from the |
| V. | § | County Court at Law No. 3 |
| U.S. BANK TRUST N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, | § | Of El Paso County, Texas |
|  | § | (TC# 2016-CCV00265) |
| APPELLEE. | § | |
|  | § | |

## MEMORANDUM OPINION

This interlocutory appeal is before the Court on its own motion to determine whether it should be dismissed for want of jurisdiction. Finding that the order Alex Hernandez seeks to appeal is not an appealable interlocutory order, we dismiss the appeal for want of jurisdiction.

U.S. Bank Trust N.A. Trustee for LSF8 Master Participation Trust (U.S. Bank Trust) purchased real property in El Paso, Texas at a foreclosure sale. U.S. Bank Trust demanded that Hernandez vacate the property, but he allegedly failed to do so. U.S. Bank Trust subsequently filed a forcible detainer in the justice court seeking possession of the property. A jury found in U.S. Bank Trust's favor, and Hernandez appealed. U.S. Bank Trust filed a motion for summary judgment, and that motion is set for hearing on September 8, 2016. The case is also set for jury trial in the County Court at Law No. 3 on October 11, 2016. Alleging that Hernandez was a

tenant at sufferance, U.S. Bank Trust filed a motion requesting that Hernandez be ordered to pay monthly rental payments into the court's registry during the pendency of the case. The court granted that motion and ordered Hernandez to pay $800 per month into the registry of the court while the case remains pending. Hernandez filed notice of appeal.

It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC.&REM.CODE ANN. § 51.014 (West Supp. 2016) (authorizing appeals from certain interlocutory orders). It is undisputed that the trial court has not entered a final judgment. The Court sent Hernandez a letter notifying him of the Court's intent to dismiss the appeal for want of jurisdiction because the order requiring him to pay rent during the pendency of the case is not an appealable interlocutory order. In his response, Hernandez claims that the order is appealable under Section 51.014 because it is a temporary injunction. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(4). The purpose of a temporary injunction is to preserve the status quo of the subject matter of the litigation pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). At the time U.S. Bank Trust filed the forcible detainer action, Hernandez was not paying any rental payments to U.S. Bank Trust. Thus, the trial court's order is not a temporary injunction because it does not have the effect of preserving the status quo. To the contrary, the purpose of the order is to change the status quo and provide adequate protection to U.S. Bank Trust in the event it prevails on the forcible detainer action. The appeal is dismissed for lack of jurisdiction.

September 14, 2016

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.